**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES DUANE PLOTTS,**

      **Petitioner,**

      **v.**                                **CASE NO.  21-3110-SAC**

**DAMON ANDREWS, Undersheriff,**
**Decatur County Sheriff's Office,**

      **Respondent.**

<u>**ORDER**</u>

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is housed at the Decatur County Jail in Oberlin, Kansas, and proceeds *pro se*.  On April 23, 2021, the Court entered a Notice of Deficiency and Order (Doc. 2) to Petitioner that described deficiencies in his habeas corpus application and ordered Petitioner to cure those deficiencies on or before May 24, 2021.  Petitioner was warned that if he failed to comply within the prescribed time, this action could be dismissed without further notice for failure to comply with the Court's order. The time in which Petitioner was required to comply has expired, and he has failed to cure deficiencies by submitting his petition on the court-approved forms or paying the habeas filing fee.  Consequently, the Court dismisses this action, without prejudice, under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*.

(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)."  *Young*, 316 F. App'x at 771–72 (citations omitted).

Petitioner did not cure the deficiency in his habeas corpus application by either paying the statutory filing fee of $5.00 or submitting a motion to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1914.  Petitioner also failed to submit his petition on court-approved forms.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with the Court's order.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** and all relief is denied **without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated May 25, 2021, in Topeka, Kansas.**


<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**